UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-01679 JVS (ANx) | Date | July 27, 2015 |
| Title | InfoSpan, Inc. v. Emirates NBD Bank PJSC | | |

Present: The Honorable  James V. Selna

| Nancy Boehme | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| William Isaacson/David Zifkin | Daniel Schecter |

**Proceedings:** **Defendant's Motion to Dismiss for Lack of Jurisdiction and Improper Venue (Fld 5-27-15)**
**Court's Order to Show Cause Why Daniel Schecter should not be sanctioned for Failure to comply with the Local Rules.**

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court DENIES defendant's motion and rules in accordance with the tentative ruling as follows:**

Defendant Emirates NBD Bank PJSC ("the Bank") moves to dismiss the First Amended Complaint ("FAC") of Plaintiffs InfoSpan, Inc. ("InfoSpan") and InfoSpan (Gulf), Inc. ("IS Gulf") (collectively, "Plaintiffs") for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. (Renewed Mot. Dismiss, Docket ("Dkt.") No. 82.) InfoSpan opposes (Opp'n Renewed Mot. Dismiss, Dkt. No. 93), and the Bank has replied. (Reply Supp. Renewed Mot. Dismiss, Dkt. No. 99.) For the following reasons, the Court **DENIES** the Bank's Renewed Motion to Dismiss.

I.   **Factual and Procedural Background**

Although not reflected on the docket for this particular case, the facts, circumstances, and allegations in this matter are familiar to the parties and the Court. Since 2011, both parties have actively litigated in a concurrently pending action before this Court, InfoSpan, Inc. v. Emirates NBD Bank PJSC, SACV 11-1062 JVS (ANx) ("Infospan I").[1] That case centers around a Stored Value Card Processing Service and

---

[1] Hereinafter, any citations to documents from Case No. SACV 11-1062 JVS (ANx) will be noted by the abbreviated reference of "InfoSpan I." Unless the citation includes this reference, then the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-01679 JVS (ANx) | Date | July 27, 2015 |
| Title | InfoSpan, Inc. v. Emirates NBD Bank PJSC | | |

Marketing Agreement ("SVC Agreement") signed by the Bank and IS Gulf, which was formerly a plaintiff in InfoSpan I. (Schecter Decl. Supp. Mot. Summ. J., Ex. G ("SVC Agreement"), Dkt. No. 259-1, InfoSpan I; see also FAC ¶ 28, Dkt. No. 232, InfoSpan I; Dkt. No. 117, InfoSpan I.)[2] The SVC Agreement contained an arbitration provision, Section 13.5, which provided that: "Any controversy arising out of, or relating to this Agreement, or the breach thereof, which cannot be resolved pursuant to Section 13.4 above[3] shall be submitted to arbitration per the laws of the United Arab Emirates." (SVC Agreement 14.) As co-plaintiffs, InfoSpan and IS Gulf filed a complaint against the Bank in July 2011 alleging tort and contract claims. (Compl., Dkt. No.1, InfoSpan I.) In December 2012, the Court denied the Bank's motion to compel arbitration of InfoSpan's tort claims (Dec. 2012 Order re Mot. Dismiss 10, Dkt. No. 116, InfoSpan I), and IS Gulf voluntarily dismissed its claims against the Bank. (Dkt. No. 117, InfoSpan I.)

In October 2014, the Court denied the Bank leave to file an amended answer with four counterclaims because they were untimely. (Dkt. No. 213, InfoSpan I.) Those four counterclaims included: (1) breach of the SVC Agreement by InfoSpan under an alter ego theory; (2) imposition of a constructive trust; (3) unjust enrichment; and (4) conversion. (Mot. Leave, Ex. 1 at 26–27, Dkt. No. 199, InfoSpan I.) Within two weeks after this order, InfoSpan initiated the present action to compel arbitration of its claim for a declaration that the four counterclaims are without merit. (Compl. ¶¶ 23–24, Dkt. No. 1.) Subsequently, on November 2, 2014, the Bank's counsel sent a letter to InfoSpan's counsel explaining that "[a]t the present time, [the Bank] has no intention of pursuing the Proposed Counterclaims against InfoSpan outside the context of *InfoSpan I*." (Mohebbi Decl., Ex. A (Letter), Dkt. No. 31-1.) The letter also provided that "should [the Bank's] intentions change, [the Bank] agrees that it will provide InfoSpan with 30 days advance notice before it files any new proceeding to assert the Proposed Counterclaims." (Id.)

---

document cited is from this case's docket, SACV 14-1679 JVS (ANx).

[2] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of any document cited in this Order from InfoSpan I because they are matters of public record whose facts are not subject to reasonable dispute. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002); see Fed. R. Evid. 201(b).

[3] Section 13.4 describes the informal procedures for dispute resolution. (SVC Agreement 14, InfoSpan I.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-01679 JVS (ANx) | Date | July 27, 2015 |
| Title | InfoSpan, Inc. v. Emirates NBD Bank PJSC | | |

Thereafter, in InfoSpan I, InfoSpan filed an FAC alleging three tort claims. (FAC, Dkt. No. 232, InfoSpan I.) This allowed the Bank to file another answer, which included the same four counterclaims which the Court previously denied it leave to include in an amended answer. (FAC Answer 26–34, Dkt. No. 234, InfoSpan I.) In January 2015, the Court granted InfoSpan's motion to compel arbitration of these counterclaims pursuant to the SVC Agreement. (Order re Mot. Compel Arbitration 3–5, Dkt. No. 257, InfoSpan I.)[4] However, arbitration never occurred because the Bank voluntarily dismissed the counterclaims without prejudice. (Dkt. Nos. 272, 298, InfoSpan I.) In May 2015, the Court granted in part and denied in part the Bank's motion for summary judgment on InfoSpan's claims. (Order re Summ. J., Dkt. No. 357, InfoSpan I.) InfoSpan I remains active and will proceed to trial on November 10, 2015. (Dkt. No. 302, InfoSpan I.)

In this action, however, the Bank initially moved to dismiss InfoSpan's Complaint in January 2015. (Mot. Dismiss, Dkt. No. 31.) After the Court issued a tentative ruling denying the Bank's motion to dismiss, the parties agreed at oral argument to continue the motion hearing until the May 2015 hearing for the Bank's summary judgment motion in InfoSpan I. (Dkt. No. 66.) At this hearing, the parties agreed that the Bank would withdraw its motion to dismiss because the Bank did not oppose InfoSpan's motion for leave to file an FAC. (Dkt. Nos. 75, 76.) Subsequently, InfoSpan and IS Gulf filed an FAC. (Dkt. No. 77.)

The Bank now moves to dismiss their FAC for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue (hereinafter, "Renewed MTD"). However, on June 8, 2015, approximately two weeks after filing the Renewed MTD, the Bank for the first time notified the Court and Plaintiffs that it had initiated arbitration proceedings before the Dubai International Financial Centre in the United Arab Emirates ("UAE") (hereinafter, "UAE arbitration"). (Not. Commencement Arbitration, Dkt. No. 83; see also Opp'n Not. Commencement Arbitration 1:14–18.) The Court granted the Bank's request to file a short supplemental briefing regarding the impact of this UAE arbitration on the Renewed MTD. (Dkt. No. 88; Not. Commencement Arbitration, Ex. A ("Suppl. Br. Supp. Renewed Mot. Dismiss"), Dkt. No. 83-1.)

---

[4] The Bank conceded that the counterclaims are arbitrable pursuant to the SVC Agreement in its answer to the FAC (FAC Answer 27:26–28:11, InfoSpan I), but it contended that arbitration of InfoSpan's three tort claims was a necessary result of arbitration of its counterclaims. The Court disagreed with this contention. (Order re Mot. Compel Arbitration 3–5, InfoSpan I.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 14-01679 JVS (ANx)     Date    July 27, 2015

Title    InfoSpan, Inc. v. Emirates NBD Bank PJSC

II. **Legal Standard**

     A.    Subject Matter Jurisdiction

Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). A "jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true. Id.; Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). If instead the challenge disputes the truth of the allegations that would otherwise invoke federal jurisdiction, the challenger has raised a "factual attack," and the court may review evidence beyond the confines of the complaint without assuming the truth of the plaintiff's allegations. Safe Air, 373 F.3d at 1039. The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Pursuant to Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'" GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008), rev'd on other grounds, 131 S. Ct. 746 (2011). To have standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180–81 (2000); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Nelson, 530 F.3d at 873. A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable

interest in the outcome." Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726 (2013) (citation and internal quotation marks omitted).

     B.    Personal Jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 14-01679 JVS (ANx)      Date    July 27, 2015

Title      InfoSpan, Inc. v. Emirates NBD Bank PJSC

     "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Personal jurisdiction refers to a court's power to render a valid and enforceable judgment against a particular defendant. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980); Pennoyer v. Neff, 95 U.S. 714, 720 (1877), overruled in part by Shaffer v. Heitner, 433 U.S. 186, 206 (1977). The contours of that power are shaped, in large part, by the Due Process Clause of the Fourteenth Amendment, which requires sufficient "contacts, ties, or relations" between the defendant and the forum state before "mak[ing] binding a judgment *in personam* against an individual or corporate defendant." Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). Due Process requires that "there exist 'minimum contacts' between the defendant and the forum" in order to protect the defendant "against the burdens of litigating in a distant or inconvenient" court and lend "a degree of predictability to the legal system." World-Wide Volkswagen, 444 U.S. at 291, 292, 297.

     Jurisdiction must also comport with law of the forum state. See Fed. R. Civ. P. 4(k)(1)(A); Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc). Because California's long-arm statute allows the exercise of jurisdiction on any basis consistent with the state and federal constitutions, the jurisdictional analyses of state law and federal due process are the same. Cal. Code. Civ. Proc. § 410.10; see also Yahoo!, 433 F.3d at 1205.

     C.    Venue

     An action may be dismissed for improper venue. Fed. R. Civ. P. 12(b)(3). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The plaintiff

bears the burden of showing that venue is properly laid in the district where the action was filed. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979).

### III.    **Discussion**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-01679 JVS (ANx)     Date  July 27, 2015

Title  InfoSpan, Inc. v. Emirates NBD Bank PJSC

    A.    <u>Lack of Subject Matter Jurisdiction</u>

    The Bank asserts that the Court lacks subject matter jurisdiction because this action is moot. (Renewed Mot. Dismiss 23–25.) In its original motion to dismiss, the Bank primarily argued that its voluntary dismissal of its counterclaims in <u>InfoSpan</u> I mooted this action. (Mot. Dismiss 6–8.) The essence of this argument is reduced to a footnote in the instant Renewed MTD. (<u>See</u> Renewed Mot. Dismiss 25:19 n.14.) Notwithstanding, the Court still addresses this contention before addressing the Bank's primary argument in its Renewed MTD that "there can be no case or controversy where the party seeking arbitral relief has not been harmed because there has been no failure to arbitrate." (<u>Id.</u> at 24:3–5.) In conjunction with this argument, the Bank further asserts that the UAE arbitration renders the relief sought in this action "duplicative and a waste of judicial resources." (Suppl. Br. Supp. Renewed Mot. Dismiss 2:14–15.)

    1.    *Mooted by Voluntary Dismissal of Counterclaims in <u>InfoSpan</u> I*

    Because this action focuses on the Bank's four dismissed counterclaims from <u>InfoSpan</u> I, the Bank argues that the following three events from <u>InfoSpan</u> I moot this action: (1) the November 2014 letter from the Bank's counsel to InfoSpan's counsel (Letter); (2) the Court's January 2015 order compelling arbitration of the Bank's counterclaims (Order re Mot. Compel Arbitration 3–5, <u>InfoSpan</u> I); and (3) the Bank's voluntary dismissal of the counterclaims (Dkt. No. 272, <u>InfoSpan</u> I). (Reply Supp. Mot. Dismiss 6:8–15, Dkt. No. 62.) The Court disagrees.

    Pursuant to <u>Nike</u>, the Bank "cannot automatically moot a case," but rather must meet the "formidable burden of showing that it is absolutely clear" an attempt by the Bank to reallege the four counterclaims "could not reasonably be expected to recur." 133 S. Ct. at 727–28. In <u>Nike</u>, the plaintiff (1) voluntarily dismissed, *with prejudice*, its trademark infringement claims; and (2) issued a "Covenant Not to Sue," which promised that the plaintiff would not assert against defendant, or any of its entities, any trademark or unfair competition claim based on any of defendant's existing designs or future designs that were a colorable imitation of defendant's current products. <u>Nike</u>, 133 S. Ct. at 725. The U.S. Supreme Court held that these two actions mooted defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-01679 JVS (ANx) | Date | July 27, 2015 |
|---|---|---|---|
| Title | InfoSpan, Inc. v. Emirates NBD Bank PJSC | | |

counterclaim of trademark invalidity. Id. at 728. The plaintiff met the "formidable burden" and its actions mooted the defendant's counterclaim in part because the "covenant [was] unconditional and irrevocable." Id.

     The Bank's actions fall far short in comparison to those of the plaintiff in Nike. First, it voluntarily dismissed the counterclaims *without prejudice*. Thus, the Bank could seek to reallege them against InfoSpan or IS Gulf in a separate case if it so desired. In fact, the Bank is essentially realleging them in the UAE arbitration. One of the three claims the Bank asserts in the UAE arbitration is a claim for damages from IS Gulf's alleged breach of the SVC Agreement. (Suppl. Br. Supp. Renewed Mot. Dismiss 1:18–22.) This claim is nearly identical to the Bank's first counterclaim in InfoSpan I, which relied on an alter ego theory to allege that InfoSpan breached the SVC Agreement. (FAC Answer 26–34, InfoSpan I.)

     Second, in terms of being "unconditional and irrevocable," the November 2014 letter pales in comparison to the "Covenant Not to Sue" in Nike. The letter only promises to not to pursue the counterclaims outside of InfoSpan I "at the present time" and even concedes the possibility that this promise may be temporary by agreeing to give InfoSpan thirty days' notice if the Bank's "intentions change." (Letter.) This revocable promise surely does not foreclose the possibility that the Bank may seek to pursue its four counterclaims against InfoSpan outside of InfoSpan I in the future. In fact, the letter seems meaningless in light of the UAE arbitration. In spite of the Bank's voluntary dismissal and the November 2014 letter, the Bank's pursuit of the counterclaims outside of InfoSpan I could reasonably occur, and essentially has occurred in the UAE arbitration. Therefore, the Bank has failed to meet its "formidable burden" to show that the action is moot because it voluntarily dismissed its counterclaims in InfoSpan I. Cf. Nike, 133 S. Ct. at 727–28.

     2.    *Mooted by UAE Arbitration*

     Changing course from its original motion to dismiss, the Bank primarily argues in its Renewed MTD that this action does not constitute a case or controversy because the Bank has not refused to arbitrate and in fact has initiated arbitration in the UAE. (Reply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-01679 JVS (ANx) | Date | July 27, 2015 |
| Title | InfoSpan, Inc. v. Emirates NBD Bank PJSC | | |

Supp. Renewed Mot. Dismiss 21:5–7.) The Bank, however, has refused and continues to refuse to arbitrate in the only area where the Court can order arbitration. (See Order re Mot. Compel Arbitration 6–7, InfoSpan I.) At multiple times in its briefs, the Bank asserts that the SVC Agreement requires that arbitration occur in the UAE. (See, e.g., Renewed Mot. Dismiss 24:21–22; Reply Supp. Renewed Mot. Dismiss 22–23.) The Bank relies on two sections in the SVC Agreement to support this premise, namely (1) Section 13.3, which provides that the parties agree to "submit to the jurisdiction of the courts in Dubai, the UAE"; and (2) Section 13.5, which provides that the parties agree to submit "to arbitration per the laws of the United Arab Emirates" for any "controversy arising out of, or relating to, the [SVC] Agreement." (SVC Agreement 14, InfoSpan I.) However, the Court already held in InfoSpan I that these statements do not mandate the UAE, or any other location, as a location for arbitration. (Order re Mot. Compel Arbitration 6, InfoSpan I.) Moreover, in spite of its arguments here, the Bank admitted in InfoSpan I that "the SVC Agreement does not set a location for arbitration." (Opp'n Mot. Compel Arbitration 12:14-15, Dkt. No. 239, InfoSpan I.)[5] Because the SVC Agreement does not mandate a location for arbitration, the Court further held that it can compel arbitration in only the Central District of California. (Order re Mot. Compel Arbitration 6 (citing Bauhinia Corp. v. China Nat'l Mach. & Equip. Import & Export Corp., 819 F.2d 247, 249 (9th Cir. 1987) ("In the absence of a term specifying location, a district court can only order arbitration within its district.")).)

The Bank asserts that the parties' disagreement as to the location, rather than the propriety, of arbitration is insufficient to constitute a case or controversy. The Court disagrees. The Court has ancillary jurisdiction over this action pursuant to the "more obscure doctrine of ancillary jurisdiction over collateral proceedings" that are "related to, but technically separate from, a federal lawsuit." K.C. ex rel. Erica C. v. Torlakson, 762 F.3d 963, 964–65 (9th Cir. 2014) (internal emphases omitted); see also 13 Charles Alan Wright et al., Federal Practice & Procedure § 3523.2 (3d ed.). The Court may exercise ancillary jurisdiction to "manage its proceedings, vindicate its authority, and effectuate its decrees." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380 (1994). Accordingly, the Court exercises ancillary jurisdiction over this action to effectuate its

---

[5] The Bank's argument that it "always has maintained that arbitration is appropriate only in the UAE" is further contradicted by its prior request in InfoSpan I that arbitration occur in London if the Court did not order it be held in the UAE. (Opp'n Mot. Compel Arbitration 12:18–24, Dkt. No. 239, InfoSpan I.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-01679 JVS (ANx) | Date | July 27, 2015 |
|---|---|---|---|
| Title | InfoSpan, Inc. v. Emirates NBD Bank PJSC | | |

January 2015 order to compel arbitration of the Bank's counterclaims against InfoSpan. (Order re Mot. Compel Arbitration, InfoSpan I.) There is no indication that ancillary jurisdiction is limited to effectuating prior decrees and thus it is irrelevant that InfoSpan filed this action prior to the Court's order to compel arbitration. (See Reply Supp. Mot. Dismiss 8:3–18.)

The Bank contends that because the Court has not ordered arbitration with respect to IS Gulf in InfoSpan I, the Court cannot exercise ancillary jurisdiction with respect to IS Gulf. (Reply Supp. Renewed Mot. Dismiss 21:14–16.) The Court did not compel arbitration of IS Gulf's contract claims against the Bank because IS Gulf dismissed its claims against the Bank (Dkt. No. 117, InfoSpan I), but the Court held that those claims would have to be arbitrated if IS Gulf continued to pursue them. (Dec. 2012 Order re Mot. Dismiss 10, InfoSpan I.) Similar to the Bank's counterclaims against InfoSpan, the Court could only compel arbitration of IS Gulf's claims in the Central District of California. Even though the Court did not compel arbitration of IS Gulf's claims, that does not change the fact that the Court can compel any arbitration pursuant to the SVC Agreement in only this judicial district. See Bauhinia, 819 F.2d at 249. The Court can exercise ancillary jurisdiction with respect to IS Gulf to effectuate the Court's prior holding in InfoSpan I regarding where the Court can compel arbitration.

Additionally, the Court rejects the Bank's argument that the case is moot because "there has been no failure to arbitrate" as a result of the Bank's initiation of the UAE arbitration. As stated above, there has been a failure to arbitrate in the only location where the Court can compel arbitration. Both InfoSpan and IS Gulf could be harmed in being deprived of the ability to pursue arbitration in this district. The Bank cannot moot this action by dismissing its counterclaims in InfoSpan I to nullify the Court's order to compel arbitration, followed by initiating its own arbitration in the UAE based on the false premise that the SVC Agreement mandates the UAE as the location for arbitration. Any other result would reward patent gamesmanship.

Therefore, the case is not moot and the Court has subject matter jurisdiction.

    B.    Lack of Personal Jurisdiction

        1.    **Concerning InfoSpan's Claims**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-01679 JVS (ANx) | Date | July 27, 2015 |
| Title | InfoSpan, Inc. v. Emirates NBD Bank PJSC | | |

      The Bank also asserts that the Court lacks general and specific personal jurisdiction over the Bank. (Renewed Mot. Dismiss, 7–23.) The Court's prior tentative ruling on the Bank's original motion to dismiss concluded that the Bank had waived its personal jurisdiction defense because of its litigation conduct in InfoSpan I. In its Renewed MTD, the Bank vehemently denies any waiver and asserts that it "unquestionably preserved" its personal jurisdiction defense as allowed under Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1330 n.1 (9th Cir. 1984). (Renewed Mot. Dismiss 16:25–17:6.) Gates Learjet held that a defendant does not waive a personal jurisdiction defense when the defendant (1) files a motion to dismiss for lack of personal jurisdiction *prior* to filing an answer and counterclaim(s); or (2) asserts a personal jurisdiction defense in the *same pleading* as the answer and a permissive counterclaim. Gates Learjet, 743 F.2d at 1330 n.1; see also Teyseer Cement Co. v. Halla Maritime Corp., 794 F.2d 472, 478 (9th Cir. 1986) ("[A] permissive counterclaim asserted after a motion to dismiss for lack of personal jurisdiction or in the same pleading that raises lack of personal jurisdiction as a defense does not waive jurisdictional defenses.") The Ninth Circuit recently reaffirmed this doctrine, SEC v. Ross, 504 F.3d 1130, 1149 (9th Cir. 2007), and also extended its waiver protections to the defense of improper venue, Hillis v. Heineman, 626 F.3d 1014, 1018 (9th Cir. 2010).

      In InfoSpan I, before filing an answer, the Bank filed a motion to dismiss for lack of personal jurisdiction in January 2012. (Dkt. No. 24, InfoSpan I.) After allowing for jurisdictional discovery (Dkt. No. 43, InfoSpan I), the Court granted the Bank's motion to dismiss and entered a judgment of dismissal in July 2012. (Dkt. Nos. 82, 87, InfoSpan I.) However, in October 2012, the Court vacated the judgment of dismissal because it granted the Bank's motion to dismiss in error and held that it indeed had personal jurisdiction over the Bank. (Order Granting Mot. Alter J. 7, Dkt. No. 96, InfoSpan I.)[6] Thereafter, the Bank filed an Answer in January 2013, which continued to deny that the Court had personal jurisdiction over the Bank. (Answer ¶ 8, Dkt. No. 120, InfoSpan I.) Approximately twenty months later, the Bank moved for leave to file an amended answer with counterclaims in August 2014. (Mot. Leave, InfoSpan I.) But in the proposed

---

[6] After the U.S. Supreme Court reversed a Ninth Circuit decision in February 2014 that the Court in part relied on to vacate its judgment of dismissal, the Bank moved for reconsideration. (Dkt. No. 157, InfoSpan I.) The Court denied the Bank's motion and held that it "properly determined that it has personal jurisdiction over the Bank." (Order re Mot. Reconsideration 12, Dkt. No. 174, InfoSpan I.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-01679 JVS (ANx) | Date | July 27, 2015 |
|---|---|---|---|
| Title | InfoSpan, Inc. v. Emirates NBD Bank PJSC | | |

counterclaims, the Bank stated that it was reserving its personal jurisdiction defense and cited Gates Learjet, Ross, and Hillis in support. (Mot. Leave, Ex. 1 at 27–28, InfoSpan I.) The Bank repeated the same reservation along with the counterclaims in its November 2014 answer to the FAC ("FAC Answer"). (FAC Answer 26–27, InfoSpan I.) Although the Bank twice asserted counterclaims in InfoSpan I, the Bank argues that pursuant to Gates Learjet it preserved its personal jurisdiction defense by (1) moving to dismiss the action for lack of personal jurisdiction before filing counterclaims, and (2) expressly reserving that defense when asserting the counterclaims. (Renewed Mot. Dismiss 16–22.)

However, the Bank's argument asks the Court to look at these actions in InfoSpan I in a vacuum without regard for the Bank's actions before and after its first attempt to file counterclaims in August 2014. The Court will not take such a narrow perspective because "the defense of lack of personal jurisdiction[] may be waived as a result of the course of conduct pursued by a party during litigation." Peterson v. Highland Music, Inc., 140 F.3d 1313, 1318 (9th Cir. 1998). Peterson held that a party's failure to satisfy the minimum steps in Federal Rule of Civil Procedure 12(h)(1) is not the only circumstance in which it "will be deemed to have waived a defense." Peterson, 140 F.3d at 1318. A defendant's engagement in "deliberate, strategic behavior" or "sandbagging" are "examples of factors militating in favor of finding waiver," but waiver is not limited to such circumstances. Wright v. Interbank Capital, Inc., No. C 99-0091 MMC(ARB), 1999 WL 354516 at *3 (N.D. Cal. May 19, 1999). Peterson held that the defendants did not waive their personal jurisdiction defense because the plaintiffs did not argue, and the district court did not find, that the defendants engaged in deliberate, strategic behavior. Peterson, 140 F.3d at 1318. The defendants' inaction on the personal jurisdiction issue after having their motion to dismiss denied was, without more, insufficient to constitute waiver. Id. Rather, "other factors" must be present to militate in favor of waiver. Id. The Court concludes that those other factors are present here; more specifically, deliberate and strategic behavior by the Bank in InfoSpan I.

This action, InfoSpan II, was recently initiated in October 2014, but the Bank and InfoSpan have litigated the related case of InfoSpan I since 2011. The FAC not only mentions InfoSpan I, but explains that InfoSpan initiated the instant action because of (1) the Bank's attempt to amend its answer and add the four counterclaims in InfoSpan I; and (2) the continued "imminent threat" of the Bank seeking to allege those counterclaims in the future. (FAC ¶¶ 20–27.) Nearly four hundred documents are on the docket for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-01679 JVS (ANx) | Date | July 27, 2015 |
| Title | InfoSpan, Inc. v. Emirates NBD Bank PJSC | | |

InfoSpan I and the Bank has sought relief from the Court in InfoSpan I on multiple occasions.

      Although the Court held that it had personal jurisdiction over the Bank in October 2012 (Order Granting Mot. Alter J., InfoSpan I), the Bank waited nearly two years to seek leave to file counterclaims. (Mot. Leave, InfoSpan I.) Before doing so, the Bank sought affirmative relief from the Court in a motion for partial judgment on the pleadings. (Dkt. No. 188, InfoSpan I.) After the Court denied the Bank leave to file the counterclaims (Dkt. No. 213, InfoSpan I), the Bank reasserted those same counterclaims in its FAC Answer. (FAC Answer 32–34.) When InfoSpan moved to compel arbitration of those counterclaims (Dkt. No. 235, InfoSpan I), the Bank admitted that the counterclaims had to be arbitrated pursuant to the SVC Agreement, but argued that InfoSpan's motion to compel rendered its own claims also arbitrable. (Order re Mot. Compel Arbitration 3–5, InfoSpan I.) In doing so, the Bank rehashed arguments that the Court rejected in December 2012 when it held that the SVC Agreement did not require that InfoSpan's tort claims be arbitrated. (See id.; Dec. 2012 Order re Mot. Dismiss 10, InfoSpan I.) Additionally, the Bank sought to have its counterclaims arbitrated in the UAE. (Order re Mot. Compel Arbitration 6–7, InfoSpan I.) But after the Court held that InfoSpan's claims were still not arbitrable and that arbitration of the Bank's counterclaims must be held in the Central District of California, the Bank voluntarily dismissed its counterclaims. (Dkt. No. 272, InfoSpan I.)

      Thus, it appears to the Court that the Bank asserted counterclaims knowing that the SVC Agreement required them to be arbitrated in an effort to accomplish two goals: (1) to reargue that InfoSpan's claims should also be arbitrated; and (2) to try to get its counterclaims arbitrated in the UAE. Once the Court rejected these two efforts, the Bank moved for summary judgment of InfoSpan's claims. (Dkt. No. 258, InfoSpan I.) Soon after the Court granted in part and denied in part the Bank's motion for summary

judgment (Order re Summ. J., InfoSpan I), the Bank independently initiated arbitration against IS Gulf in the UAE. (Not. Commencement Arbitration.)

      This complex, strategic, and seemingly deliberate litigation conduct by the Bank collectively suggests that even while it technically objected to the Court's personal jurisdiction over it, it sought to use the Court's power to order InfoSpan to arbitration in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-01679 JVS (ANx) | Date | July 27, 2015 |
| Title | InfoSpan, Inc. v. Emirates NBD Bank PJSC | | |

the UAE. Now that the Bank has been unsuccessful in that endeavor in InfoSpan I, it asks the Court to ignore the conduct described above when deciding whether it has waived its personal jurisdiction defense in InfoSpan II. But jurisdiction is not a light switch that can be turned on and off at the whim of a party. The Bank cannot preserve a personal jurisdiction defense while at the same time assert counterclaims in an attempt to use the Court's power to order arbitration in a foreign country. If not pure gamesmanship, this litigation conduct certainly constitutes "deliberate, strategic behavior" that militates in favor of finding waiver.

### 2. Concerning IS Gulf's Claims

The Bank further argues that its conduct in InfoSpan I cannot waive its personal jurisdiction defense with regards to IS Gulf because IS Gulf voluntarily dismissed its claims in InfoSpan I in December 2012 (Dkt. No. 117, InfoSpan I). (Renewed Mot. Dismiss 19.) The Court disagrees. Although IS Gulf has not been a plaintiff in InfoSpan I for over two years, when a different plaintiff sues the same defendant in different cases, "personal jurisdiction exists where a defendant also independently seeks affirmative relief in a separate action before the same court concerning the same transaction or occurrence." Dow Chem. Co. v. Calderon, 422 F.3d 827, 834 (9th Cir. 2005); see also In re Cathode Ray Tube (CRT) Antitrust Litig., 27 F. Supp. 3d 1002, 1008–09 (N.D. Cal. 2014). As discussed at length above, the Bank sought affirmative relief from the Court on multiple occasions in InfoSpan I. Moreover, not only did its counterclaims in InfoSpan I allege that IS Gulf and InfoSpan are alter egos, but the counterclaims also all arose from the same SVC Agreement at issue in InfoSpan II. (See FAC Answer 32–34, InfoSpan I.) Because the Bank sought affirmative relief in InfoSpan I regarding the same transaction at issue in this action, the Bank has waived its personal jurisdiction defense as to IS Gulf as well.

Therefore, the Court has personal jurisdiction over the Bank with regards to InfoSpan and IS Gulf's claims.

### C. Improper Venue

For the same reasons why the Bank has waived its personal jurisdiction defense,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-01679 JVS (ANx) | Date | July 27, 2015 |
| Title | InfoSpan, Inc. v. Emirates NBD Bank PJSC | | |

the Court also concludes that the Bank has waived its improper venue defense. See, e.g. Wright, 1999 WL 354516 at *3 ("[D]efendants have waived the defenses of personal jurisdiction *and* venue through their conduct during litigation.") (emphasis added).

IV.   **Conclusion**

   For the foregoing reasons, the Court **DENIES** the Bank's Renewed Motion to Dismiss in its entirety.

   **IT IS SO ORDERED.**

| | 0 | : | 20 |
|---|---|---|---|
| Initials of Preparer | nkb | | |